1   MARK E. MCKEEN (State Bar No. 130950)
    THOMAS A. COUNTS (State Bar No. 148051)
2   NAOMI JANE GRAY (State Bar No. 230171)
    PAUL, HASTINGS, JANOFSKY & WALKER LLP
3   55 Second Street
    Twenty-Fourth Floor
4   San Francisco, CA  94105-3441
    Telephone:  (415) 856-7000
5   Facsimile:  (415) 856-7100

6   Attorneys for Plaintiff
    ALIGN TECHNOLOGY, INC.

**E-Filing**

7

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10

11                  C 05 3418

12  ALIGN TECHNOLOGY, INC.,              CASE NO.

13              Plaintiff,               **COMPLAINT FOR:**
                                         **(1) TRADEMARK INFRINGEMENT;**
14      vs.                              **(2) FEDERAL STATUTORY UNFAIR**
                                         **COMPETITION;**
15  ROSS J. MILLER, an individual, and   **(3) CALIFORNIA STATUTORY UNFAIR**
    ROSS J. MILLER DDS, A                **COMPETITION;**
16  PROFESSIONAL DENTAL                  **(4) CALIFORNIA STATUTORY FALSE**
    CORPORATION, a corporation           **ADVERTISING; AND**
17                                       **(5) COMMON-LAW UNFAIR**
                Defendants.              **COMPETITION**
18

19                                       **DEMAND FOR JURY TRIAL**

20                           **SUMMARY OF THE ACTION**

21

22          1.      This action arises out of the unethical, unscrupulous and ultimately

23  unlawful conduct of defendants Ross J. Miller and his related professional corporation, Ross J.

24  Miller DDS, A Professional Corporation.  Miller is an orthodontist and former Chief Clinical

25  Officer of plaintiff Align Technology, Inc. ("Align").  Align is the market leader in invisible

26  orthodontics, having built successful and recognized brands (including but not limited to the

27  registered mark INVISALIGN) on technological and dental innovation and reinvestment in its

28

---

Case No.                                    COMPLAINT FOR TRADEMARK INFRINGEMENT
                                                      AND UNFAIR COMPETITION;
                                                        DEMAND FOR JURY TRIAL

1   personnel, its technology and its customers.

2

3      2.      Dr. Miller recently became affiliated with OrthoClear, Inc. ("OrthoClear"),

4   a start-up company with manufacturing operations in Pakistan and a purported competitor to

5   Align.  Like Align, OrthoClear manufactures and markets to dentists and orthodontists an

6   "invisible" orthodontic treatment for use on patients who do not want traditional metal "wire and

7   bracket" braces.  OrthoClear recently began very aggressive and deliberate business tactics

8   designed to disrupt Align's business and its business relationships with dentists, orthodontists and

9   ultimately their patients.

10

11     3.      Apparently under pressure to generate cases for his new employer

12  OrthoClear, Miller misrepresents to his actual and prospective orthodontic patients that they will

13  receive and be treated using the well-known INVISALIGN product and services, when in fact

14  Miller provides the cheaper OrthoClear aligners and services to the unknowing patients.  Both

15  INVISALIGN and OrthoClear aligners are clear and therefore do not carry brands.  This allows

16  Miller to get away with the product substitution without informing the patients or obtaining their

17  authorization or consent to the OrthoClear treatment.  Miller performs this substitution despite the

18  fact that the patients specifically ask for treatment using INVISALIGN products and services.

19  Patients specifically ask for INVISALIGN because of Align's extensive consumer marketing, its

20  proven track record of hundreds of thousands of treated cases, and its published clinical studies,

21  whereas the start-up OrthoClear does virtually no consumer marketing, has no documented

22  successfully finished cases and has not been the subject of any published clinical studies.

23  Miller's scheme is aided by having INVISALIGN marketing collateral prominently displayed in

24  his office, by having patients complete consent and treatment forms referencing INVISALIGN

25  treatment, by invoicing patients for the genuine INVISALIGN product, and by charging patients

26  the full price for the INVISALIGN product so they have no reason to suspect they are not

27  receiving genuine INVISALIGN products and services.  Miller's prominent use of the

28  INVISALIGN mark serves to attract patients and to gain their confidence.

COMPLAINT FOR TRADEMARK INFRINGEMENT
AND  UNFAIR COMPETITION;
DEMAND FOR JURY TRIAL

4.    In violation of patients' trust and of Align's rights, however, Miller secretly substitutes the cheaper OrthoClear product and services for the INVISALIGN product and services that the patients request and Miller represents they will receive.

5.    By this Complaint, Align seeks injunctive relief and monetary damages in an amount to be determined based on Miller's infringement of Align's rights, by virtue of his passing off of OrthoClear's cheaper, unproven goods and services as those of Align, and his unfair, unethical, dishonest and deceptive conduct in substituting OrthoClear's product and services for Align's products and services without patients' knowledge, authorization or consent.

## **PARTIES**

6.    Plaintiff Align is a Delaware corporation with its principal place of business in Santa Clara, California.

7.    Align is informed and believes, and on that basis alleges, that defendant Ross J. Miller is an individual residing in the County of Santa Clara, California. Align is informed and believes, and on that basis alleges, that defendant Ross J. Miller DDS, A Professional Dental Corporation is a California corporation with its principal place of business in the County of Santa Clara, California. Unless the context otherwise requires, defendant Ross J. Miller and defendant Ross J. Miller DDS, A Professional Corporation are collectively referred to herein as "Miller" or "Defendants." Align is informed and believes, and on that basis alleges, that Dr. Miller is the principal owner, officer, director and employee of Ross J. Miller DDS, A Professional Corporation, and that for the purposes of this Complaint, Dr. Miller has personally engaged in all actions that are alleged by Align to have been conducted by Ross J. Miller DDS, A Professional Corporation.

COMPLAINT FOR TRADEMARK INFRINGEMENT
AND  UNFAIR COMPETITION;
DEMAND FOR JURY TRIAL

1

## JURISDICTION

2

3          8.      This action arises under 15 U.S.C. § 1051 *et seq.*, popularly known as the

4    "Lanham Act." This court has jurisdiction over the subject matter of this action pursuant to

5    15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338 (including original jurisdiction over the state-law

6    claims pursuant to 28 U.S.C. § 1338(b) because they are claims of unfair competition joined with

7    substantial and related claims under the trademark laws), and the doctrine of supplemental

8    jurisdiction.

9

## VENUE

11

12          9.      Venue is proper in the Northern District of California pursuant to 28 U.S.C.

13    § 1391(b) in that a substantial part of the events and omissions giving rise to the claim occurred in

14    this District. Additionally, both defendants reside in this District in that they maintain an office in

15    this District and transacted business in this District during the relevant period.  The actions,

16    damages and other facts forming the basis of Align's claims occurred in Santa Clara and possibly

17    other counties of the San Francisco Bay Area, which are within the Northern District of

18    California.

19

## INTRADISTRICT ASSIGNMENT

21

22          10.      Pursuant to Civil Local Rules 3-5(b) and 3-2(c)-(e) and General Order 44,

23    venue for this "Intellectual Property" matter is proper in any division of this district and shall be

24    "randomly assigned to any Judge of this Court, and shall not be reassigned on the basis of intra-

25    district venue." General Order 44, paragraph 5.

26

27

28

1

## FACTS

2

3
### The Invisalign System

4          11.      Align designs, develops, manufactures and markets high technology

5    orthodontic products.  Align's core product is the INVISALIGN system, a proprietary method for

6    treating crooked and misaligned teeth.  The INVISALIGN system consists of a series of clear,

7    removable devices that fit over a patient's teeth and gently and incrementally move the teeth into

8    a desired final position.  The INVISALIGN system uses cutting-edge, three-dimensional

9    computer scanning and graphics to design and manufacture these customized orthodontic devices.

10   Align's Internet-based software application allows dental professionals to simulate the treatment

11   process in three dimensions, providing a novel diagnosis and treatment planning process.

12

13          12.      In the INVISALIGN system, an impression is taken of the patient's mouth

14   and teeth in their present position.  The impressions are digitally scanned, and a three-

15   dimensional computer generated image of the patient's teeth is created by Align.  The dentist or

16   orthodontist provides a treatment prescription for how the teeth should be positioned at the end of

17   the treatment.  Align uses its proprietary software to design a series of tooth alignment devices

18   (similar to a thin clear plastic mouth guard) which are used to gradually and incrementally adjust

19   and move specific teeth.  Once the dentist approves the treatment plan, the complete set of the

20   patient's aligners are then manufactured by Align and provided to the dentist or orthodontist.

21   Approximately every two weeks a new aligner is worn by the patient, thus moving the teeth

22   toward the desired final outcome.  Prior to the commencement of treatment, the patient is

23   typically provided with written information concerning the INVISALIGN system by the dentist

24   or orthodontist and usually signs a treatment consent form (typically provided to the dentist or

25   orthodontist by Align) that specifies INVISALIGN as the brand of orthodontic aligners and

26   services to be used.

27

28          13.      The INVISALIGN system revolutionized orthodontics when it was

1   introduced in 1998. Since then, Align has remained the market leader in invisible orthodontics

2   through significant research and development expenditures, constant refinement and

3   improvement of its system and substantial investment of tens of millions of dollars in advertising

4   and marketing to dentists, orthodontists and consumers. In the seven years since its introduction,

5   hundreds of thousands of patients (the vast majority of all patients treated by invisible

6   orthodontics) have been successfully treated with the INVISALIGN system.

7

8                      **The Elements of Align's Success in the Marketplace**

9

10          14.     A principal reason for Align's success in the marketplace is the trust that

11   dentists, orthodontists and patients put in Align's INVISALIGN products and services. First and

12   foremost, Align is the preeminent company, and INVISALIGN is the preeminent brand, in the

13   field of invisible orthodontics. No other company has Align's track record, both in clinical trials

14   and in demonstrated outcomes in hundreds of thousands of cases. Align's products and

15   technology are proven, and Align has developed a large following of outstanding dentists and

16   orthodontists who have reputations for extensive experience with Align's INVISALIGN products

17   and services

18

19          15.     One of the services provided by Align and one of the reasons for the

20   patient trust that accounts for the INVISALIGN system's success is Align's continuing dedication

21   to recruitment, training and certification of orthodontists and dentists in Align's network of

22   certified providers. Each year, Align provides clinical education and training programs, across

23   the nation and worldwide, that include certification classes, conference calls, seminars and

24   workshops. These events provide dentists and orthodontists with a better understanding of the

25   INVISALIGN system and products and their applicability to individual patients. Since 1999,

26   Align has certified thousands of orthodontists and dentists annually, during multi-day, intensive

27   training sessions, to use the INVISALIGN system. As a result of these efforts, over thirty-

28   thousand dentists and orthodontists have been recruited into, trained at, and certified by Align's

1   training and certification program. Align also maintains an online clinical education center that

2   augments its training workshops and conducts conference calls and seminars enabling

3   INVISALIGN-trained doctors to obtain continuing education credits and access a full range of

4   case studies and best practices.

5

6        16.    Align's extensive and innovative marketing campaign has been another

7   important factor in Align's success. Align has developed unique branded marketing tools and

8   delivered them to its dentists and orthodontists for in-office use and display, where they may be

9   viewed by patients and potential patients. These marketing tools include INVISALIGN-branded

10   video displays, brochures, banners, posters, mounted displays of the INVISALIGN product, and

11   "goody bags" for patients to use to carry products home from the dentist's or orthodontist's

12   office. All of these items prominently display the INVISALIGN trademark. Align's unique

13   product and services and its innovative, extensive advertising have combined to create a well-

14   recognized and successful "brand" associated with Align and the INVISALIGN system.

15

16        17.    Align adopted the mark INVISALIGN and used it in interstate commerce

17   for orthodontic aligners. On May 3, 1999, Align filed an application for registration of the mark

18   in the United States Patent and Trademark Office. On November 28, 2000, the mark

19   INVISALIGN was registered on the Principal Register under Reg. No. 2,409,473 in the United

20   States Patent and Trademark Office for dental apparatus and orthodontic appliances such as

21   orthodontic aligners. The registration is now in force.

22

23        18.    Continuously since on or about September, 1999, Align has used the mark

24   INVISALIGN to identify its orthodontic aligners and to distinguish them from those made and

25   sold by others, by, among other things, prominently displaying the mark INVISALIGN on the

26   containers for the goods and all related materials, displays and marketing collateral. In addition,

27   Align provides INVISALIGN-branded promotional and point-of-sale materials to dentists and

28   orthodontists that are often prominently displayed on office fronts, patient waiting rooms, and

1    advertising.  Align has also engaged in significant, national television and print media advertising

2    for its orthodontic aligners using the INVISALIGN mark.

3

4        19.    Since on or about November, 2000, Align has provided notice that its

5    INVISALIGN mark is registered in the U.S. Patent and Trademark Office by displaying the mark

6    as used with the letter R enclosed within a circle (®).

7

8                    **Miller's Longstanding Affiliation With Align**

9

10       20.    Align hired Dr. Miller as its Chief Clinical Officer in 1998.  In that

11   capacity, Miller assisted with the development of the INVISALIGN system.  Dr. Miller resigned

12   from that position effective April 30, 2003 to become an independent consultant to Align and to

13   devote more time to his private orthodontic practice.  As a consultant, Dr. Miller agreed to

14   provide advisory services to Align in connection with proposed clinical research protocols,

15   scientific papers, and editorials; to provide feedback to Align's research, development and

16   technology team during the development of Align products and clinical studies; to participate as a

17   guest speaker at industry events and publish scientific articles on Invisalign related topics; and to

18   facilitate interaction between Align and various orthodontic professional associations.  Dr. Miller

19   continued to charge a monthly consulting fee to Align through June, 2005.

20

21              **Miller Affiliates With OrthoClear, A Startup Competitor Of Align**

22

23       21.    Align is informed and believes, and on that basis alleges, that OrthoClear

24   was founded by Muhammad Ziaullah Chishti ("Chishti"), Align's former Chief Executive

25   Officer, and other former Align executives, to design, manufacture and market clear orthodontic

26   aligners in direct competition with Align and the INVISALIGN system.  After Align's Board of

27   Directors replaced Chishti with a more experienced Chief Executive Officer, Chishti entered into

28   a consulting agreement with Align pursuant to which he remained Chairman of Align's Board of

Case No.                                    -8-             COMPLAINT FOR TRADEMARK INFRINGEMENT
                                                            AND UNFAIR COMPETITION;
                                                            DEMAND FOR JURY TRIAL

1  Directors and continued to draw salary as a consultant.

2

3        22.    Align is informed and believes, and on that basis alleges, that Chishti

4  began conceiving of and discussing his plan to launch a company to compete with Align --

5  namely, OrthoClear – as early as 2002, when he was still Align's Chairman of the Board and

6  while he continued to draw salary under his consulting agreement with Align.  The wrongful

7  actions of Chishti and other former Align executives and employees in establishing OrthoClear –

8  including, *inter alia,* breach of contract, breach of fiduciary duty and misappropriation of trade

9  secrets – are the subject of pending litigation in *Align Technology, Inc. v. OrthoClear, Inc. and*

10 *OrthoClear Holdings, Inc.*, Case No. C-05-2948 (MMC) (N.D. Cal.) and *Align Technology, Inc.*

11 *v. OrthoClear, Inc., et al.*, Case No. CGC-05-438361 (Super. Ct. San Francisco Cty).

12

13       23.    Align is informed and believes, and on that basis alleges, that despite

14 Miller's ongoing consulting relationship with Align, Miller accepted employment with

15 OrthoClear as OrthoClear's Advisory Director of Clinical Affairs on or about July 14, 2005.  In

16 that capacity, Miller now competes with Align.

17

18       **Miller Passes Off OrthoClear Products as the INVISALIGN System**

19

20       24.    Align is informed and believes, and on that basis alleges, that Miller has

21 actively misled patients into believing that they were being treated with the genuine

22 INVISALIGN system when, in fact, Miller provided them with cheaper OrthoClear aligners.

23

24       25.    Specifically, Align is informed and believes, and on that basis alleges, that

25 Miller's patients specifically request the INVISALIGN system from Miller, and that Miller

26 nevertheless treats the patients with OrthoClear's product instead, without informing the patients

27 of the substitution or obtaining their authorization or consent.  Patients who unknowingly

28 received the OrthoClear product have discussed only INVISALIGN treatment with Miller, and

COMPLAINT FOR TRADEMARK INFRINGEMENT
AND UNFAIR COMPETITION;
DEMAND FOR JURY TRIAL

1   have not discussed with Miller any other orthodontic systems or devices. Miller gives no

2   indication that he intends to treat the patients with OrthoClear, and in fact informs the patients

3   that the INVISALIGN system would be a good option for the patients. The patients sign a patient

4   consent form indicating that treatment will be performed using INVISALIGN aligners and

5   services and a contract for services with Miller likewise indicating that they will receive treatment

6   using INVISALIGN aligners and services. Patients are provided with written information

7   concerning treatment with the INVISALIGN system, including a letter stating that INVISALIGN

8   treatment was recommended for the patients. Miller then provides the patients with the cheaper

9   OrthoClear substitute aligners that yield a greater profit margin for Miller, as well as other

10  rewards associates with Miller's affiliation with OrthoClear.

11

12          26.     When patients have learned of Miller's unethical and unlawful product

13  substitution, they have ceased treatment with Miller and the OrthoClear product because of their

14  concerns that the OrthoClear product has not been proven safe and effective.

15

16          27.     Miller's conduct in treating patients with OrthoClear's product without

17  their knowledge or consent violates several canons of the American Association of Orthodontists

18  ("AAO") Principles of Ethics and Code of Professional Conduct, as well as the California Dental

19  Association's ("CDA") Code of Ethics.

20

21          28.     In pertinent part, the AAO Principles of Ethics and Code of Professional

22  Conduct provides (emphasis added):

23

24          I.      Members shall be dedicated to providing the highest quality
            orthodontic care to their patients within the bounds of the clinical
25          aspects of the patient's condition, and with due consideration being
            given to the needs and desires of the patient. . . . C. **Members shall**
26          **make treatment decisions** and render all related opinions and
            recommendations based on the best interest of the patient **without**
27          **regard to a member's direct or indirect financial or beneficial**
            **interest in a product or service, or direct or indirect**
28          **relationship with the manufacturer or supplier of such product**
            **or service.**

---

Case No.                          -10-          COMPLAINT FOR TRADEMARK INFRINGEMENT
                                                AND UNFAIR COMPETITION;
                                                DEMAND FOR JURY TRIAL

1               *           *           *

2

3       IV.     Members shall be **honest with patients**, colleagues and
        third parties. . . . D. **Members shall not misrepresent the care
4       being rendered to a patient.**

5       29.     In pertinent part, the CDA's Code of Ethics provides (emphasis added):

6

7       It is unethical to mislead a patient or misrepresent in any material
        respect either directly or indirectly the skills, training, identity,
        services, or fees of the dentist who performs a procedure. . . .
8       Dentists shall not represent the care being rendered to their patients
        or the fees being charged for providing such care in a false or
9       misleading manner. . . . Dentists shall fully explain proposed
        treatment, reasonable alternatives, and the risks of not performing
10      treatment.  Treatment should be explained in a manner that allows
        patients to be involved in decisions affecting their oral health.
11

12      30.     Because of Miller's employment by OrthoClear as OrthoClear's Advisory

13  Director of Clinical Affairs, OrthoClear knows or should know of Miller's unlawful and unethical

14  conduct regarding the substitution of the OrthoClear product for the genuine INVISALIGN

15  system and product specifically requested by Miller's patients.

16

17                          **FIRST CAUSE OF ACTION**

18          **(Federal Trademark Infringement – 15 U.S.C. § 1114(1)(a))**

19

20      31.     Align realleges and reincorporates by reference the allegations of

21  paragraphs 1 through 30 of this Complaint.

22

23      32.     Miller's unauthorized uses of Align's mark INVISALIGN in commerce in

24  connection with OrthoClear orthodontic aligners and related services, and in connection with the

25  offering for sale and advertising of goods and services, constitute the use of a colorable imitation

26  of Align's INVISALIGN orthodontic aligners that has caused, and is likely to cause, confusion or

27  mistake or deception.  Miller thus infringes Align's trademark rights in the federally registered

28  mark INVISALIGN in violation of 15 U.S.C. 1114(1)(a).

---

Case No.                            -11-              COMPLAINT FOR TRADEMARK INFRINGEMENT
                                                      AND UNFAIR COMPETITION;
                                                      DEMAND FOR JURY TRIAL

33.     Miller's actions as set forth above injure Align and the public in many ways, including by divesting Align of control over its reputation, by diverting sales, by undermining confidence in the integrity of Align's product offering and in the Align provider network, and by giving Miller and OrthoClear an unjust competitive advantage by passing their products and services off as Align's.  Align is therefore entitled to an injunction and damages including Miller's unjust profits, as set forth below.

34.     Align is informed and believes, and on that basis alleges, that Miller's use of the INVISALIGN mark on or in connection with substantially similar OrthoClear goods and services is part of a deliberate plan to trade on the valuable goodwill established with the INVISALIGN mark.  With knowledge of Align's ownership of the mark based on Dr. Miller's prior employment and affiliation with Align, and with the deliberate intention to unfairly benefit from the goodwill generated thereby in connection with Miller's transfer of affiliation to OrthoClear, Miller has acted unlawfully and in willful disregard of Align's rights, making this an exceptional case within the meaning of  15 U.S.C. § 1117(a) and entitling Align to treble damages and treble Miller's unjust profits as well as an award of attorneys fees.

## SECOND CAUSE OF ACTION

### (Federal Statutory Unfair Competition – 15 U.S.C. § 1125(a))

35.     Align realleges and reincorporates by reference the allegations of paragraphs 1 through 34 of this Complaint.

36.     By the acts set forth fully above, Miller has used in commerce the word, term, and name INVISALIGN, and has used false designations of origin and false and misleading descriptions and representations of fact, in connection with Miller's goods, services, and commercial activities.  These uses, false designations, and false representations are likely to cause confusion, or to cause mistake, or to deceive the public, especially dental and orthodontic

COMPLAINT FOR TRADEMARK INFRINGEMENT
AND  UNFAIR COMPETITION;
DEMAND FOR JURY TRIAL

1    patients, as to the affiliation, connection, or association of OrthoClear and Miller on the one hand

2    and Align on the other hand, and as to the origin, sponsorship, or approval of Miller's goods,

3    services, or commercial activities of Miller, all in violation of Section 43(a) of the Lanham Act,

4    15 U.S.C. § 1125(a)

5

6         37.   By the acts set forth above, Miller has also, in Miller's commercial

7    promotion, misrepresented the nature, characteristics and qualities of Miller's and OrthoClear's

8    goods, services and commercial activities, in violation of Section 43(a) of the Lanham Act.

9

10        38.   Miller's unlawful conduct constituting trademark infringement and unfair

11   competition under 15 U.S.C. § 1125(a) consists of "palming off" or "passing off" the OrthoClear

12   product as the Invisalign System by deliberately misleading patients as to the provider and

13   manufacturer of the aligner product Miller is using to treat patients.  Miller has caused, and will

14   continue to cause, the public to mistakenly believe that OrthoClear's orthodontic aligners

15   originate from, are sponsored by, or are in some way associated with Align.  This conduct

16   constitutes false designations of origin or false descriptions or representations, and is likely to

17   cause the mark to lose its significance as a designator of origin.

18

19        39.   Align is informed and believes, and on that basis alleges, that Miller

20   intends to "palm off" the OrthoClear product as the genuine INVISALIGN system.  By virtue of

21   his prior and ongoing relationship with Align, and his present relationship with OrthoClear,

22   Miller is well aware that the INVISALIGN system and products are not produced by OrthoClear

23   and vice versa.  Miller nonetheless deliberately leads his patients to believe they are being treated

24   with (and charges his patients for the full price of) the INVISALIGN system when, in fact, Miller

25   treats these patients with OrthoClear aligners.  Thus, Miller has willfully infringed and is

26   continuing to infringe on Align's rights in violation of 15 U.S.C. § 1125(a).

27

28        40.   Miller's actions have caused and will continue to cause significant

Case No.                              -13-                COMPLAINT FOR TRADEMARK INFRINGEMENT
                                                          AND  UNFAIR COMPETITION;
                                                          DEMAND FOR JURY TRIAL

monetary and nonmonetary damages to Align. Miller's wrongful conduct, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to Align's business. Align is entitled to an injunction and damages as set forth below.

41.     Miller actions as described above were willful and with full intent to cause confusion, mistake and deception, making this an exceptional case within the meaning of 15 U.S.C. § 1117(a) and entitling Align to treble damages and treble Miller's unjust profits as well as an award of attorneys fees.

42.     Align has no adequate remedy at law for the injuries currently being suffered and threatened in that Miller will continue to "palm off" OrthoClear products as those of Align, rendering any judgment ineffectual. Align also has no adequate remedy at law because monetary compensation will not afford adequate relief to Align and because it will be extremely difficult to ascertain the amount of compensation that would afford such relief. Therefore, Align is entitled to injunctive relief as provided by 15 U.S.C. §1116(a).

## THIRD CAUSE OF ACTION

### (Unfair Competition in Violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

43.     Align realleges and reincorporates by reference the allegations of paragraphs 1 through 42 of this Complaint.

44.     Section 17200 *et seq.* of the California Business and Professions Code prohibits any "unlawful, unfair or fraudulent act or practice."

45.     Align is informed and believes, and on that basis alleges, that Miller, by conduct as set forth fully in the paragraphs above, has engaged in unlawful conduct that constitutes unfair competition. This conduct violates 15 U.S.C. §§ 1114 and 1125 and constitutes

1    unfair competition under Section 17200 of the California Business and Professions Code. Such

2    conduct includes his unlawful acts in "palming off" OrthoClear's product as the INVISALIGN

3    system by substituting, without authorization, OrthoClear's product for the INVISALIGN system

4    that patients specifically request and deliberately misleading his patients into believing they are

5    being treated with genuine INVISALIGN products and services.

6

7            46.    Align is informed and believes, and on that basis alleges, that Miller, by the

8    conduct set forth above, has engaged in fraudulent conduct that constitutes unfair competition.

9    This conduct includes the fraudulent acts or practice of misrepresenting the source of the

10   orthodontic aligners used in his orthodontic treatments and the "palming off" of OrthoClear's

11   product and services as the genuine INVISALIGN system by substituting, without authorization,

12   OrthoClear's product and services for the INVISALIGN system that patients specifically request,

13   and deliberately misleading patients into believing they are being treated with genuine

14   INVISALIGN products and services.

15

16           47.    Miller's acts in violation of sections 17200 of the California Business and

17   Professions Code consisting of Miller's wrongful "palming off" of OrthoClear's product as the

18   INVISALIGN system and other acts have caused Align financial injury including the loss of

19   money and will, unless enjoined, cause Align further financial injury and other immediate and

20   irreparable harm. Miller is using Align's goodwill and valuable marketing materials to divert

21   patients from Align and its INVISALIGN system to OrthoClear. Align is informed and believes,

22   and on that basis alleges, that Miller continues to solicit and divert the business and goodwill of

23   Align's consumers with the intent that such consumers will stop requesting and purchasing the

24   INVISALIGN system and begin receiving products from OrthoClear.

25

26           48.    By virtue of Miller's unlawful and fraudulent acts and omissions, Miller

27   has engaged in unfair competition within the meaning of the California Business and Professions

28   Code Section 17200, thereby entitling Align to injunctive and restitutionary relief as provided by

Case No.                           -15-            COMPLAINT FOR TRADEMARK INFRINGEMENT
                                                   AND  UNFAIR COMPETITION;
                                                   DEMAND FOR JURY TRIAL

1  California Business and Professions Code section 17203.  Align has no adequate remedy at law to

2  compel Miller to cease his wrongful solicitation and diversion of Align's consumers.  Unless the

3  Court grants an injunction, Align will be forced to commence a multiplicity of actions, one each

4  time Miller wrongfully solicits, diverts, or otherwise interferes with Align's consumers or Align's

5  goodwill.  Align's damages are irreparable because it would be extremely difficult to ascertain the

6  amount of compensation that would afford Align adequate relief if Miller is not enjoined at this

7  time.

8

9  **FOURTH CAUSE OF ACTION**

10  **(False Advertising in Violation of Cal. Bus. & Prof. Code § 17500)**

11

12      49.    Align realleges and reincorporates by reference paragraphs 1 through 48

13  above of the Complaint.

14

15      50.    Miller has had, and continues to have, an intent to perform professional

16  services and to dispose of personal property in connection with Miller's orthodontic practice,

17  including but not limited to the provision of dental and orthodontic services and the dispensing of

18  orthodontic aligners to patients.

19

20      51.    Miller induces the public to enter into obligations relating to professional

21  services and the dispensing of aligners, including but not limited to payment obligations relating

22  to orthodontic treatment and dispensing of orthodontic aligners.  Miller induces the public to enter

23  into the obligations by advertising the availability of INVISALIGN orthodontic aligners and

24  INVISALIGN-based orthodontic services to Miller's patients on Miller's premises; by inscribing

25  the INVISALIGN mark on treatment plans, consent forms, and contracts with patients; and by

26  making oral statements specifying INVISALIGN orthodontic aligners and INVISALIGN-based

27  orthodontic treatment services in discussing, recommending, and soliciting consent by patients for

28  the acquisition of INVISALIGN orthodontic aligners and the purchase of INVISALIGN-based

1   orthodontic services.

2

3          52.    By the actions described above, Miller makes, disseminates, and causes to

4   be disseminated statements concerning the personal property, concerning the professional

5   services, and concerning circumstances or matters of fact connected with the proposed

6   performance of services or the proposed dispensing of orthodontic aligners.  Among other things,

7   Miller states that Miller will furnish and is furnishing INVISALIGN orthodontic aligners and

8   INVISALIGN-based orthodontic treatment services to patients.

9

10          53.    Miller's statements as described above are untrue and misleading.  Miller

11   knows, and by the exercise of reasonable care should know, that the statements described above

12   are untrue and misleading.  Miller knows that the OrthoClear orthodontic aligners Miller will

13   furnish and is furnishing to patients are not INVISALIGN aligners, and that the services Miller

14   will furnish and is furnishing are not INVISALIGN-based services.

15

16          54.    Miller has made, disseminated, or caused to be made or disseminated those

17   untrue and misleading statements as part of a plan or scheme with the intent not to sell that

18   personal property or those professional services as so advertised.

19

20          55.    Miller's acts as described above constitute false advertising in violation of

21   Section 17500 of the California Business & Professions Code.

22

23          56.    Plaintiff Align has suffered injury in fact and has lost money and property

24   as a result of Miller's violation described above.

25

26          57.    Plaintiff Align is entitled, pursuant to Cal. Bus. & Prof. Code § 17535, to

27   an injunction against Miller as well as restitution by Miller and disgorgement of Miller's unjust

28   gains arising from the violation as described below.

Case No.                                    -17-

# FIFTH CAUSE OF ACTION

## (Common Law Unfair Competition)

58.     Align realleges and reincorporates by reference the allegations of paragraphs 1 through 57 of this Complaint.

59.     Align is informed and believes, and on that basis alleges, that Miller, by his conduct set forth in the paragraphs above, has engaged in unlawful conduct that constitutes unfair competition under the common law of the State of California.  Specifically, Miller "palms off" OrthoClear's product as the INVISALIGN system by substituting, without authorization, OrthoClear's product for the INVISALIGN system that his patients specifically request and which he deliberately misleads his patients to believing he is using in their treatment.

60.     Align has no adequate remedy at law to compel Miller to cease his wrongful solicitation and diversion of Align's consumers.  Unless the Court grants an injunction, Align will be forced to commence a multiplicity of actions, one each time Miller wrongfully solicits, diverts, or otherwise interferes with Align's business or Align's goodwill.  Align's damages are irreparable because it would be extremely difficult to ascertain the amount of compensation that would afford Align adequate relief if Miller is not enjoined at this time.

61.     Align is informed and believes, and on that basis alleges, that Miller's wrongful acts were willful, oppressive and malicious, in that Miller has unfairly competed with Align with the deliberate intent to injure Align's business.  Align is therefore entitled to the recovery of actual damages as well as exemplary damages to be determined at the time of trial in a sum sufficient to punish Miller and to set an example and deter such conduct in the future.

# PRAYER FOR RELIEF

WHEREFORE, Align prays for judgment and relief as follows:

1.  For the issuance of preliminary and permanent injunctive relief enjoining defendants Ross J. Miller and Ross J. Miller DDS, A Professional Corporation, and their agents and representatives, and all persons acting in concert or participating with them from:

   a.  misrepresenting OrthoClear's products and services as those of Align's;

   b.  displaying the INVISALIGN mark or other Align trademarks anywhere in the interior or on the exterior of Miller's office;

   c.  displaying or otherwise utilizing Align marketing collateral, patient consent forms, patient instruction forms, or any other Align-provided documents or materials;

   d.  using OrthoClear or other non-genuine products to treat patients who have requested treatment with the INVISALIGN system without obtaining prior written consent from the patients indicating that they are aware they will not be receiving treatment with INVISALIGN system; and

   e.  failing to notify all patients and prospective patients in writing (including posting a notice on Miller's website) that Miller is no longer authorized to provide orthodontic treatment with the INVISALIGN system.

2.  For actual damages, including Align's lost profits and Miller's unjust profits, according to proof at trial;

---

Case No.                                        -19-                    COMPLAINT FOR TRADEMARK INFRINGEMENT
                                                                        AND  UNFAIR COMPETITION;
                                                                        DEMAND FOR JURY TRIAL

3.     For an award of damages treble the amount of actual damages suffered by Align;

4.     For an award of punitive and exemplary damages by reason of Miller's fraud and palming off;

5.     For an award of attorneys fees and costs incurred in this exceptional case;

6.     For costs of suit herein; and

7.     For such other and further relief as the Court deems appropriate.

DATED:  August 23, 2005          PAUL, HASTINGS, JANOFSKY & WALKER LLP


                                 By: _____
                                          THOMAS A. COUNTS

                                 Attorneys for Plaintiff
                                 ALIGN TECHNOLOGY, INC.

SF/376742.4

Case No.                         -20-          COMPLAINT FOR TRADEMARK INFRINGEMENT
                                               AND  UNFAIR COMPETITION;
                                               DEMAND FOR JURY TRIAL

1

## **DEMAND FOR JURY TRIAL**

2

3        Plaintiff ALIGN TECHNOLOGY, INC., a Delaware corporation, hereby requests

4   a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

5

DATED:  August _23_, 2005          PAUL, HASTINGS, JANOFSKY & WALKER LLP
6                                                       THOMAS A. COUNTS

7

8                                            By: _____

9                                                       THOMAS A. COUNTS

10                                          Attorneys for Plaintiff
11                                          ALIGN TECHNOLOGY, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR TRADEMARK INFRINGEMENT
AND  UNFAIR COMPETITION;
DEMAND FOR JURY TRIAL

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no relevant interest to report.

DATED: August 23, 2005      PAUL, HASTINGS, JANOFSKY & WALKER LLP
THOMAS A. COUNTS

By:                                                    
THOMAS A. COUNTS

Attorneys for Plaintiff
ALIGN TECHNOLOGY, INC.

COMPLAINT FOR TRADEMARK INFRINGEMENT
AND  UNFAIR COMPETITION;
DEMAND FOR JURY TRIAL

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 7.1(a) of the Federal Rules of Civil Procedure, the undersigned certifies that as of this date, Align Technology, Inc. has no parent corporation and no publicly held corporation owns 10% or more its stock.


DATED: August ___, 2005  PAUL, HASTINGS, JANOFSKY & WALKER LLP
                THOMAS A. COUNTS


                By:_____
                    THOMAS A. COUNTS

                Attorneys for Plaintiff
                ALIGN TECHNOLOGY, INC.