IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIGN TECHNOLOGY, INC., | No. C-05-3418 MMC |
|     Plaintiff and Counterclaim Defendant, | **ORDER GRANTING IN PART AND DENYING IN PART COUNTERCLAIM DEFENDANT'S MOTION TO DISMISS AND TO STRIKE; VACATING HEARING** |
| v. | |
| ROSS J. MILLER, an individual, and ROSS J. MILLER, DDS, A PROFESSIONAL CORPORATION, | |
|     Defendants and Counterclaimants / | |

    Before the Court is counterclaim defendant Align Technology, Inc.'s ("Align") motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, five of the seven causes of action alleged in the Amended Counterclaim ("AC") filed by Ross J. Miller and Ross J. Miller DDS (collectively, "Miller"), and to strike, pursuant to Rule 12(f), Miller's prayer for punitive damages.  Miller has filed opposition, to which Align has replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision on the papers, VACATES the hearing scheduled for December 16, 2005, and rules as follows.

    1. Contrary to Align's argument, the First Counterclaim, alleging a claim for breach of an oral agreement, is not subject for dismissal for failure to identify the assertedly

breached term of the agreement.  Miller alleges that Eric Kuo, on behalf of Align, orally agreed to pay Dr. Miller $10,000 to give a speech at a conference in May 2005, (see AC ¶ 31), that Miller gave the speech, (see AC ¶ 32), and that Align thereafter failed to pay Miller, (see AC ¶ 33).

      2. The Third Counterclaim, alleging a claim for breach of the covenant of good faith and fair dealing, based on Align's asserted failure to pay Miller for the above-referenced speech, is subject to dismissal because such claim is duplicative of the claim for breach of contract.  See Bionghi v. Metropolitan Water District, 70 Cal. App. 4th 1358, 1370 (1999) (holding where causes of action for breach of contract and breach of implied covenant are based on same facts, breach of implied covenant claim is "duplicative" and "may be disregarded").

      3. Contrary to Align's argument, the Fourth Counterclaim, alleging a claim for defamation, is not subject to dismissal for failure to sufficiently allege falsity.  Assuming, arguendo, Align is correct that falsity allegations may not be based on "information and belief," the Court, in light of Miller's representation that the "information and belief" allegations pertain only to Align's conduct, (see Counterclaimants' Opp., filed November 23, 2005, at 6:18-20), does not construe the AC as pleading the falsity allegations on "information and belief."

      4. The Fifth Counterclaim, alleging a claim for intentional interference with contract, is subject to dismissal for failure to provide fair notice as to the contractual relationship(s) alleged to have been disrupted.  See Conley v. Gibson, 355 U.S. 41, 47 (1957) (holding federal pleading rules require that plaintiff's complaint include facts that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests").  The allegation that "one or more of Dr. Miller's patients have terminated their relationships with Dr. Miller," (see AC ¶ 27), is too vague to give Align fair notice of the facts and grounds

//
//
//

on which the claim rests.[1]  The claim is not subject to dismissal on the additional ground argued by Align, specifically, that because Miller's patients have an absolute right to change practitioners, there was no actionable contractual relationship to disrupt.  See Pacific Gas & Electric Co. v. Bear Stearns & Co., 50 Cal. 3d 1118, 1127 (1990) (reaffirming "established" rule that "interference with an at-will contract is actionable interference with the contractual relationship, on the theory that a contract at the will of the parties . . . does not make it one at the will of others") (internal quotation and citation omitted).

      5.  The Sixth Counterclaim, alleging a claim for interference with prospective economic advantage, is subject to dismissal for a similar reason as the Fifth Counterclaim, namely, Miller has failed to give fair notice as to the third party or parties with whom Miller was, as a result of Align's conduct, deprived of an expected economic relationship.  The claim is not subject to dismissal on the additional ground argued by Align, specifically, that Miller has failed to plead Align engaged in conduct "wrongful by some legal measure other than the fact of the interference," see Della Penna v. Toyota Motor Sales, 11 Cal. App. 4th 376, 393 (1995); Miller has alleged Align interfered by engaging in defamation.

      6.  Miller's prayer for punitive damages, to the extent based on a theory of fraud, shall be stricken, because Miller does not allege any facts to support a finding of fraud, let alone facts with "particularity."  See Fed. R. Civ. P. 9(b) (providing that "all averments of fraud . . . shall be stated with particularity").  To the extent the prayer for punitive damages is based on a theory of malice or oppression, however, the prayer will not be stricken, because "malice" and any "other condition of mind" may be "averred generally."  See id.

      7.  Because the above-referenced deficiencies, other than that pertaining to the Third Counterclaim, appear curable, the Court will afford Miller an opportunity to amend.

---

[1] Miller relies on cases holding that as long as the defendant, at the time the defendant engages in disruptive conduct, knows the contract or expectancy of such contract exists, the plaintiff need not prove the defendant knew the name of the specific individual or entity with whom the plaintiff had such contract or expectancy.  See, e.g., Ramona Manor Convalescent Hospital v. Care Enterprises, 177 Cal. App. 3d 1120, 1132 (1986).  The issue here, however, is not whether Miller can prove a claim, but whether his pleading gives Align fair notice of it.

## CONCLUSION

For the reasons stated, Align's motion to dismiss and to strike is hereby GRANTED in part and DENIED in part, as follows:

1. The Third Counterclaim is hereby DISMISSED, without leave to amend.

2. The Fifth and Sixth Counterclaims are hereby DISMISSED, with leave to amend.

3. The prayer for relief seeking an award of punitive damages is hereby STRICKEN, to the extent it is based on a theory of fraud, with leave to amend.

4. In all other respects, the motion is DENIED.

5. A Second Amended Counterclaim, if any, shall be filed no later than December 30, 2005.

**IT IS SO ORDERED.**

Dated:  December 14, 2005

_____
MAXINE M. CHESNEY
United States District Judge