SQUIRE, SANDERS & DEMPSEY L.L.P.
James M. Smith (State Bar # 136246)
jmsmith@ssd.com
Jose Luis Martin (State Bar # 203709)
jlmartin@ssd.com
Barry D. Brown (State Bar # 233544)
bbrown@ssd.com
600 Hansen Way
Palo Alto, CA 94304-1043
Telephone:    +1.650.856.6500
Facsimile:    +1.650.843.8777

Attorneys for Defendants and Counterclaimants
Ross J. Miller and Ross J. Miller DDS

PAUL, HASTINGS, JANOFSKY & WALKER LLP
Mark E. McKeen (State Bar # 130950)
markmckeen@paulhastings.com
Thomas A. Counts (State Bar # 148051)
thomascounts@paulhastings.com
Richard E. Elder (State Bar # 205389)
richardelder@paulhastings.com
55 Second Street
Twenty-Fourth Floor
San Francisco, CA 94104
Telephone:    +1.415.856.7000
Facsimile:    +1.415.856.7100

Attorneys for Plaintiff and Counterclaim Defendant
ALIGN TECHNOLOGY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIGN TECHNOLOGY, INC.,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>ROSS J. MILLER, an individual, and ROSS J. MILLER DDS, A PROFESSIONAL DENTAL CORPORATION, a corporation,<br><br>    Defendants and Counterclaimants. | Case No. C 05-3418 MMC (JL)<br><br>**STIPULATED PROTECTIVE ORDER** |

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA 94304-1043

STIPULATED PROTECTIVE ORDER
CASE NO. C 05-3418 MMC (JL).

Whereas Federal Rule of Civil Procedure 26(c) provides that a protective order may be issued to protect parties and person from annoyance, embarrassment, oppression, or undue burden of expense, ALIGN TECHNOLOGY, INC. ("Plaintiff and Counterclaim Defendant" or "Plaintiff") and ROSS J. MILLER and ROSS J. MILLER DDS ("Defendants and Counterclaimants" or "Defendants"), by and through their respective counsel, hereby stipulate to the following Stipulated Protective Order for the protection of information, documents and other things produced, served or otherwise provided that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in this action by the parties.

1. Designated Material.

Pursuant to this Stipulated Protective Order, a party or non-party (the "Designating Party") may designate any information, material and/or discovery responses that is or contains, reflects or otherwise discloses a patient's identity or a patient's personal information, a trade secret or other confidential research, development, commercial, marketing, technical, business, financial, personnel, or customer information as set forth below. All such information and material and all information or material derived from it constitutes "Designated Material" under this Stipulated Protective Order. Unless and until otherwise ordered by the Court or agreed to in writing by the parties, all Designated Material shall not be used or disclosed by the party receiving the Designated Material except as provided under the terms of this Stipulated Protective Order. (For purposes of this Stipulated Protective Order, "disclose" or "disclosed" means to show, furnish or provide the original or a copy of the Designated Material, or any document or information derived therefrom.)

2. Access.

2.1 Materials Designated "CONFIDENTIAL." Subject to the limitations set forth in this Stipulated Protective Order, Designated Material may be marked "CONFIDENTIAL" for the purposes of avoiding invasions of individual privacy and of protecting proprietary information, confidential business and/or non-public financial information relating to the Designating Party's business, personal, or financial affairs. Materials designated "CONFIDENTIAL" may be disclosed to:

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA 94304-1043

STIPULATED PROTECTIVE ORDER
CASE NO. C 05-3418 MMC (JL).

1

    (a)    Persons who appear on the face of Designated Materials marked "CONFIDENTIAL" as an author, addressee or recipient thereof;

    (b)    Counsel of record for the parties to this action, as well as the shareholders, partners, associates, agents and employees of such counsel (agents or employees who have been retained or employed as experts or consultants to assist in the preparation of the case may be granted access to CONFIDENTIAL information only as set forth in section 2.1(d)) to the extent reasonably necessary to render professional services in this action;

    (c)    Subject to Section 3 below, those past and present officers, directors, members and employees of any party to this action that the respective counsel of record deems necessary for the preparation of this case;

    (d)    Subject to Section 3 below, non-party consultants engaged by outside counsel of record and to retained experts (collectively, "Consultants"); and

    (e)    Subject to Section 6.3 below, witnesses at deposition and/or at trial.

2.2    <u>Materials Designated "HIGHLY CONFIDENTIAL."</u>  Subject to the limitations set forth in this Stipulated Protective Order, Designated Material may be marked "HIGHLY CONFIDENTIAL" for the purposes of (i) protecting the identity and privacy of patients of the Designating Party, or (ii) protecting non-public information relating to the Designating Party's business, personal, or financial affairs that derives actual or potential independent value from not being generally known to the public or to persons who can obtain value from its disclosure. Responses to a discovery request, subpoena, or other lawful process marked "HIGHLY CONFIDENTIAL" may not be used or disclosed for any purpose other than the litigation for which such information was requested. Materials designated "HIGHLY CONFIDENTIAL" may be disclosed to:

    (a)    The patient whose records are marked "HIGHLY CONFIDENTIAL";

    (b)    Persons who appear on the face of the Designated Material marked HIGHLY CONFIDENTIAL as an author, addressee or recipient thereof;

    (c)    Outside counsel of record for the parties to this action, as well as the shareholders, partners, associates, agents and employees of such counsel (agents or employees

who have been retained or employed as experts or consultants to assist in the preparation of the case may be granted access to CONFIDENTIAL information only as set forth in section 2.2(c)) to the extent reasonably necessary to render professional services in this action;

        (d)    Consultants, subject to Section 3 below; and

        (e)    Subject to Section 6.3 below, Witnesses at deposition and/or at trial.

2.3    Upon the termination of this action, all recipients of Designated Material pursuant to Section 2 shall return all Designated Material (and all copies thereof) to outside counsel of record for disposal by outside counsel in the manner described in Section 14.2 of this Stipulated Protective Order.

3.    <u>Certificates Concerning Designated Materials.</u>

3.1    Each person to whom any Designated Material may be disclosed pursuant to the provisions of Sections 2.1(c) and (d) and 2.2 (d), above, shall, prior to the time such Designated Material is disclosed to him or her, be provided with a copy of this Stipulated Protective Order and shall certify under penalty of perjury that he or she has carefully read the Stipulated Protective Order and fully understands its terms.  This certificate shall be in the form attached as Exhibit A.  Counsel who makes any disclosure of Designated Materials pursuant to Sections 2.1(c) and (d) and 2.2 (d), above shall retain each original executed certificate and, upon written request, shall circulate copies to all counsel of record at the termination of this action.

3.2    In addition, each Consultant to whom HIGHLY CONFIDENTIAL material will be disclosed under Section 2.2(d) shall, prior to disclosure of HIGHLY CONFIDENTIAL material, execute the Certification of Consultant in the form attached hereto as Exhibit B.  Upon receipt of this Certification of Consultant by counsel for party retaining the Consultant, disclosure of such Designated Material marked "HIGHLY CONFIDENTIAL" may be made to the Consultant without notification to the Designating Party or any other party to this action.  Counsel who makes any disclosure of Designated Materials pursuant to the provisions of Section 2.2(e) above shall retain each original executed Certification of Consultant and, upon written request, shall circulate copies to all counsel of record at the termination of this action.

///

4. **Use of Designated Materials By Designating Party.**

Nothing in this Stipulated Protective Order shall limit any Designating Party's use of its own documents and information, nor shall it prevent the Designating Party from disclosing its own confidential information or documents to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Stipulated Protective Order, as long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

5. **Designating Materials.**

    5.1 Documents, materials and discovery responses, in whole or in part, may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as follows:

    (a) The producing or responding party shall designate materials by placing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page of the materials prior to production.

    5.2 When a party wishes to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" materials produced by someone other than the Designating Party, such designation shall be made:

    (a) By notice to all parties to this action and to the Producing Party, if such party is not a party to this action, identifying the materials to be designated with particularity (either by production numbers or by providing other adequate identification of the specific material). Such notice shall be sent by facsimile and regular mail, unless either a facsimile number is not readily ascertainable, or a facsimile machine is not operational, in which case service by mail shall suffice.

    5.3 Upon notice of designation pursuant to Section 5.2 above, all persons receiving notice of the requested designation of materials shall:

    (a) Make no further disclosure of such Designated Material or information contained therein, except as allowed in this Stipulated Protective Order;

///

///

1         (b)    Take reasonable steps to notify any persons known to have possession of or access to such Designated Materials of the effect of such designation under this Stipulated Protective Order; and

       (c)    Take reasonable steps to reclaim or prevent access to such Designated Material or information in the possession or control of any person not permitted to have access under the terms of this Stipulated Protective Order.

6.    <u>Designating Depositions.</u>

     6.1    Deposition transcripts or portions thereof may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by a party or testifying non-party during deposition testimony taken in this action, in which case the portion of the transcript containing Designated Material shall be identified in the transcript by the Court Reporter as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The designated testimony shall be bound in a separate volume and marked by the reporter accordingly.

     6.2    Where testimony is designated at a deposition, the Designating Party shall have the right to exclude at those portions of the deposition all persons not authorized by the terms of this Stipulated Protective Order to receive such Designated Material.

     6.3    Notwithstanding the provisions set forth in Sections 2.1, 2.2 and 3, above, any party may mark Designated Material marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as a deposition exhibit and examine any witness thereon, provided that the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material, except that any party shall have the right to prevent the disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL information to any deponent by adjourning the deposition and seeking a protective order prohibiting such disclosure. Any person who is shown a deposition exhibit comprised of Designated Material marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this section, but who is not otherwise entitled to access to such material under Section 2.1, Section 2.2 and/or Section 3, above, shall not be allowed (except by express permission of the Designating Party) to keep a copy of the deposition exhibit, and shall not be furnished a copy of such deposition exhibit when given the opportunity to review the deposition

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA 94304-1043

STIPULATED PROTECTIVE ORDER
CASE NO. C 05-3418 MMC (JL).

5

1 transcript for accuracy following the deposition.

2     6.4    Any party may, within fifteen (15) days after receiving a deposition transcript, designate pages of the transcript and/or its exhibits as Designated Material. If any party so designates such material, the parties or deponents shall provide written notice of such designation to all parties within the fifteen-day (15) period. Designated Material within the deposition transcript or the exhibits thereto may be identified in writing or by underlining the relevant portions and marking such portions "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Until the expiration of the fifteen-day (15) period, any portion of the deposition not previously designated shall be treated as "CONFIDENTIAL" and subject to protection as provided by this Stipulated Protective Order. After the expiration of the fifteen (15) day period, if no party or deponent has timely designated any additional material, then such undesignated transcript and/or exhibits may be disclosed without restriction.

7.    <u>Copies.</u>

All complete or partial copies of Designated Materials shall also be deemed subject to the terms of this Stipulated Protective Order.

8.    <u>Court Procedures.</u>

    8.1    <u>Disclosure of Designated Material to Court Officials.</u> Subject to the provisions of this Section 8, Designated Material may be disclosed to the Court, Court officials or employees involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master or referee appointed by the Court) and the jury in this action, and any interpreters interpreting on behalf of any party or deponent. With respect to submission of Designated Materials to the Court, the parties shall strictly adhere to the provisions of Northern District of California Civil Local Rules ("Civ. L.R.") 7-10 and 79-5.

    8.2    <u>Filing Designated Materials with the Court.</u> When a party seeks to file or lodge Designated Material with the Court the following protocol will be followed:

    (a)    With respect to filing a motion ("Underlying Motion"), if in support of its motion a moving party seeks to submit Designated Material that it believes is *properly* designated, then it shall, concurrently with filing its moving papers, file and serve by facsimile a

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA 94304-1043

STIPULATED PROTECTIVE ORDER
CASE NO. C 05-3418 MMC (JL).

6

request for an order sealing the Designated Material ("Request to Seal") pursuant to Civil L.R. 7-10 and lodge the Designated Material in accordance with Civil L.R. 79-5;

Any party opposing the Underlying Motion that wants to submit Designated Material that it believes is properly designated in support of its opposition must file and serve by facsimile its own Request to Seal no later than the time it files its opposition, and lodge any Designated Material in accordance with Civil L.R. 79-5; and

Any party that wants to submit Designated Material that it believes is properly designated in support of a reply brief filed in support of the Underlying Motion must file and serve by facsimile a separate Request to Seal no later than the time it files the reply, and lodge any Designated Material in accordance with Civil L.R. 79-5.

(b)   If the moving party seeks to submit Designated Material that it believes is *NOT* properly designated in support of its moving papers, before filing a Request to Seal the moving party must attempt to meet and confer on the issue of whether the Designated Material should be filed under seal. If meet and confer efforts do not resolve the matter, then the moving party shall, concurrently with filing its moving papers, file and serve by facsimile a Request to Seal the Designated Material pursuant to Civil L.R. 7-10, and lodge the Designated Material in accordance with Civil L.R. 79-5. The Request to Seal shall state that it was filed pursuant to a stipulated protective order and that it was filed in order to allow a non-moving party the opportunity to have certain documents filed under seal. The points and authorities shall set forth the reasons why the requesting party believes the Designated Material should not be filed under seal. The party who believes the Designated Material at issue should be filed under seal shall set forth its position in an opposition brief, which shall be filed in accordance with the time limits established by Civil L.R. 7-10.

(c)   Any party opposing an Underlying Motion that wants to submit Designated Material that it believes is *NOT* properly designated in support of its opposition, before filing a Request to Seal, the opposing party must attempt to meet and confer on the issue of whether the Designated Material should be filed under seal. If meet and confer efforts do not resolve the matter, then the opposing party shall, no later than the time it files its opposition papers, file and

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA 94304-1043

STIPULATED PROTECTIVE ORDER
CASE NO. C 05-3418 MMC (JL).

7

1  serve by facsimile a Request to Seal the Designated Material pursuant to Civil L.R. 7-10 and
2  lodge the Designated Material in accordance with Civil L.R. 79-5. The Request to Seal shall state
3  that it was filed pursuant to a stipulated protective order and that it was filed in order to allow a
4  non-requesting party the opportunity to have certain documents filed under seal. The points and
5  authorities shall set forth the reasons why the requesting party believes the Designated Material
6  should not be filed under seal. The party who believes the Designated Material at issue should be
7  filed under seal shall set forth its position in an opposition brief, which shall be filed in
8  accordance with the time limits imposed Civil L.R. 7-10.

9        (d)    Any party filing a reply to an Underlying Motion that wants to submit
10 Designated Material that it believes is *NOT* properly designated in support of its reply, before
11 filing a Request to Seal, the replying party must attempt to meet and confer on the issue of
12 whether the Designated Material should be filed under seal. If meet and confer efforts do not
13 resolve the matter, then the replying party shall, no later than the time it files its reply papers, file
14 and serve by facsimile a Request to Seal the Designated Material pursuant to Civil L.R. 7-10, and
15 lodge the Designated Material in accordance with Civil L.R. 79-5. The Request to Seal shall state
16 that it was filed pursuant to a stipulated protective order and that it was filed in order to allow a
17 non-requesting party the opportunity to have certain documents filed under seal. The points and
18 authorities shall set forth the reasons why the requesting party believes the Designated Material
19 should not be filed under seal. The party who believes the Designated Material at issue should be
20 filed under seal shall set forth its position in an opposition brief, which shall be filed in
21 accordance with the time limits imposed by Civil L.R. 7-10.

22     8.3    With respect to non-motion proceedings in which a party seeks to file Designated
23 Materials, the party shall follow Civil L.R. 7-10 and 79-5. However, no party may simply file
24 Designated Material. A party must either file its own Request to Seal or, if it does not believe the
25 Designated Material should be filed under seal, first meet and confer with the Designating Party
26 and, if the meet and confer process does not resolve the issue, file a Request to Seal in the form
27 contemplated by Section 8.2(b), above.
28 ///

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA 94304-1043

STIPULATED PROTECTIVE ORDER
CASE NO. C 05-3418 MMC (JL).

8

9. <u>Objections.</u>

   9.1   A party may challenge the propriety of any designation under this Stipulated Protective Order at any time. A challenge may be made by serving on all other parties a captioned notice of objection, which shall identify with particularity the Designated Materials as to which the designation is challenged and state the basis for each challenge ("Notice of Objection"). Service of a Notice of Objection shall be made by facsimile and by mail.

   9.2   On, but not before, the thirtieth day after service of a Notice of Objection, the challenged material shall be deemed redesignated unless the Designating Party has previously filed and served by fax or hand delivery a motion for a protective order to maintain the original designation or designating the material otherwise. In the event of such a motion, the material at issue may be submitted to the Court for in camera inspection. It shall be the burden of the designating persons(s) under such circumstances to establish that the information so designated is "CONFIDENTIAL" (*i.e.*, designated for the purpose of avoiding invasions of individual privacy and of protecting non-public proprietary information, confidential business and/or non-public financial information relating to the Designating Party's business, personal, or financial affairs) or "HIGHLY CONFIDENTIAL" (*i.e.*, designated for the purposes of (i) protecting non-public information relating to the Designating Party's business, personal, or financial affairs that derives actual or potential independent value from not being generally known to the public or to persons who can obtain value from its disclosure) within the meaning of this Protective Order. Upon the timely filing of such a motion, the original designations shall remain effective until ten (10) days after service of notice of entry of an order redesignating the materials and during the pendency of any writ petition filed within the ten (10) day period.

   9.3   The parties shall meet and confer in good faith prior to the filing of any motion under this Section 9.

10.  <u>Non-Party Production Under This Protective Order.</u>

   A non-party to this action that receives a subpoena from any party to this action may avail itself, himself or herself of the rights provided by this Stipulated Protective Order by executing the certificate attached hereto as Exhibit A. Once a non-party has executed said certificate, such

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA 94304-1043

STIPULATED PROTECTIVE ORDER
CASE NO. C 05-3418 MMC (JL).

9

non-party shall be entitled to the rights, remedies and relief provided by this Protective Order.

11. Third Parties.

    11.1 Third Party Confidentiality. Where a discovery request, subpoena or deposition question calls for otherwise discoverable information that is subject to an obligation of confidentiality owed to another, the person to whom the discovery request, subpoena or deposition question is directed may promptly, and in no event later than five (5) calendar days after determining that a specific item of discoverable information is subject to an obligation of confidentiality owed to another:

    (a) identify to the party seeking the information the name and address of each person whose confidentiality interests are implicated by the discovery request, subpoena or deposition question, or, if the identity of the third party itself is confidential, the existence of third party confidentiality obligations, and

    (b) provide to each such person whose confidentiality interests are implicated:

        (i) notice of such discovery request, subpoena or question seeking disclosure of materials or information held under obligations of confidentiality;

        (ii) a statement disclosing the discoverable information and a copy of any documents containing the discoverable confidential information; and

        (iii) a copy of this Protective Order.

Unless otherwise directed by statute, the party or third party to whom the discovery request, document or deposition subpoena, or deposition question has been directed shall produce responsive information (or in the case of a deposition question, re-appear for deposition for the purpose of responding to the question and reasonable follow-up questions) if the person whose confidentiality interests are implicated does not object in writing to counsel for the requesting party within fifteen (15) calendar days of being notified of the request. Once such an objection is made, there shall be no disclosure of the confidential information to which the objection is made unless the objection is withdrawn or by order of the Court. The requesting party may move the Court for an order requiring disclosure of the confidential information.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA 94304-1043

STIPULATED PROTECTIVE ORDER
CASE NO. C 05-3418 MMC (JL).

10

      11.2    <u>Requests From Third Parties.</u> In the event any party having possession, custody or control of any Confidential Material receives a subpoena or other process or order to produce such information in another, unrelated legal proceeding, from a non-party to this action, such party shall immediately notify counsel for the Designating Party of the subpoena or other process or order, furnish counsel for the Designating Party with a copy of said subpoena or other process or order in a reasonable amount of time such that the Designating Party may take the necessary steps to quash or otherwise object to the subpoena, and cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose interests may be affected. The Designating Party asserting the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation shall have the burden of defending against such subpoena, process or order. The party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the Designating Party asserting the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation has promptly notified the party receiving the subpoena or other process or order of its intent to take immediate legal action to quash the subpoena, in which case the party shall not produce such documents while such legal proceedings are pending or where the Designating Party is successful in obtaining an order modifying or quashing the subpoena or other process or order.

12.    <u>Client Communication.</u>

Nothing in this Stipulated Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of Designated Material. In rendering such advice and otherwise communicating with the client, however, counsel shall not make specific disclosure of any Designated Material, except as permitted by this Stipulated Protective Order.

13.    <u>No Prejudice.</u>

      13.1    This Stipulated Protective Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

///

13.2 Unless all parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Stipulated Protective Order shall not be admissible for any purpose during any proceeding on the merits of this action.

13.3 A party's designation of a particular document as HIGHLY CONFIDENTIAL or CONFIDENTIAL, or the failure to object to such a designation of a document by another party, shall not be deemed an admission that the document has been properly characterized as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

13.4 If any person required to produce documents inadvertently produces any Designated Material without marking it with the appropriate legend, the producing party may give written notice to the receiving party or parties, including appropriately stamped copies of the Designated Material, that the document, thing, or response is deemed Designated Material and should be treated as such in accordance with the provisions of this Stipulated Protective Order.

13.5 Neither the provisions of this Stipulated Protective Order, nor the filing of any material under seal, shall prevent the use in open court, at any hearing, or at trial of this case of any material that is subject to this Stipulated Protective Order or filed under seal pursuant to its provisions. Prior to trial, the parties shall meet and confer after the pretrial conference concerning appropriate methods for dealing with Designated Material at trial. All parties reserve the right to seek such protections against the public disclosure of any materials in open court, at any hearing, or at trial of this action.

14. Modification and Survival.

14.1 Modification. All parties reserve the right to seek modification of this Stipulated Protective Order at any time for good cause. The parties agree to meet and confer prior to seeking to modify this protective order for any reason. The restrictions imposed by this Stipulated Protective Order may only be modified or terminated by written stipulation of all parties and/or by order of this Court.

14.2 Survival and Destruction of Designated Material. This Stipulated Protective Order shall survive termination of this action. Upon final termination of the action, including appeals and retrials, and at the written request of the Designating Party, all Designated Material, including

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA 94304-1043

STIPULATED PROTECTIVE ORDER
CASE NO. C 05-3418 MMC (JL).

12

1  deposition testimony regarding designated exhibits and all copies thereof, shall be Destroyed.
2  Upon request for the destruction of Designated Materials, counsel of record shall certify their
3  compliance with this provision and shall deliver such certification to counsel of record for the
4  Designating Party not more than 90 days after the written request to destroy Designated
5  Materials.

6      14.3    Outside counsel of record is prohibited from retaining pleadings, attorney and
7  consultant work product, deposition transcripts, and exhibits containing Designated Material.

8  15.    <u>Submission to Court's Jurisdiction.</u>

9      Each person who receives any Designated Material agrees to subject itself, himself or
10 herself to the jurisdiction of this Court for the purpose of any proceedings related to performance
11 under, compliance with, or violation of this Protective Order.

12 16.    <u>Court's Retention of Jurisdiction.</u>

13     The Court retains jurisdiction to make such amendments, modifications, and additions to
14 this Protective Order as it may from time to time deem appropriate. Each party reserves the right
15 to seek relief from the Court, upon good cause shown, from any of the provisions hereof. Prior to
16 seeking such relief from the Court, the parties shall meet and confer in good faith in an effort to
17 informally resolve any disputes relating to modification. The restrictions imposed by this
18 Protective Order may only be modified or terminated by written stipulation of all parties and/or
19 by order of this Court.

20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

SQUIRE, SANDERS &
DEMPSEY L.L.P.
600 Hansen Way
Palo Alto, CA 94304-1043

STIPULATED PROTECTIVE ORDER
CASE NO. C 05-3418 MMC (JL).

13

17. <u>No Contract.</u>

This stipulation is for the Court's consideration and approval as an order. It shall not be construed to create a contract between the parties or between the parties and their respective counsel.

Dated: 1/20/06

Squire, Sanders & Dempsey L.L.P.

By: _Jose Luis Martin_ (signature)
Jose Luis Martin

Attorneys for Defendants and Counterclaimants
Ross J. Miller and Ross J. Miller DDS

Dated: 1/19/06

PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _Richard E. Elder_ (signature)
Richard E. Elder

Attorneys for Plaintiff and Counterclaim Defendant
Align Technology, Inc.

ORDER

IT IS SO ORDERED.

Dated: January 23, 2006

_Maxine M. Chesney_ (signature)
UNITED STATES DISTRICT COURT JUDGE

PALOALTO/93154.3