1  MARK E. MCKEEN (S.B. #130950)
   PETER C. MEIER (S.B. #179019)
2  RICHARD E. ELDER (S.B. #205389)
   ILSE C. SCOTT (S.B. #233433)
3  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   55 Second Street, 24th Floor
4  San Francisco, CA 94105-3441
   Telephone: (415) 856-7000
5  Facsimile: (415) 856-7100

6  Attorneys for Plaintiff, Counterclaim Defendant
   And Counterclaimant ALIGN TECHNOLOGY, INC.
7
   GEORGE A. RILEY (S.B. #118304) (griley@omm.com)
8  DARIN W. SNYDER (S.B. #136003) (dsnyder@omm.com)
   MICHELLE L. DAVIDSON (S.B. #218559)
9  (mdavidson@omm.com)
   O'MELVENY & MYERS LLP
10 Embarcadero Center West
   275 Battery Street
11 San Francisco, CA 94111-3305
   Telephone:  (415) 984-8700
12 Facsimile:  (415) 984-8701

13 Attorneys for Defendants and Counterclaimants
   ROSS J. MILLER DDS, A Professional Dental Corporation, and
14 Third-Parties ORTHOCLEAR, INC., THE RESOURCE GROUP,
   ZIA CHISHTI, JEFF TUNNELL, CRAIG CRAWFORD, JOE
15 BREELAND, CHARLIE WEN, AND FRANK LIU

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| ALIGN TECHNOLOGY, INC.,<br><br>Plaintiff, Counterclaim Defendant, and Counterclaimant, v.<br><br>ROSS J. MILLER, an individual, and ROSS J. MILLER DDS, A PROFESSIONAL DENTAL CORPORATION, a corporation<br><br>Defendants, Counterclaimants, and Counterclaim Defendants. | Case No. CV 05-3418 MMC (JL)<br><br>**STIPULATION AND ORDER REGARDING ALIGN TECHNOLOGY, INC.'S SUBPOENAS TO ORTHOCLEAR, INC., THE RESOURCE GROUP HOLDINGS LLC, ZIA CHISHTI, JEFF TUNNELL, CRAIG CRAWFORD, JOE BREELAND, KEITH WOLF, CHARLIE WEN, AND FRANK LIU** |

Whereas, on May 16, 2006, Align issued a subpoena for documents to OrthoClear, Inc. ("OrthoClear");

Whereas, on May 16, 2006, Align issued a subpoena for documents to The Resource Group ("TRG") Holdings LLC;

Whereas, on May 30, 2006 and on June 6, 2006, Align issued subpoenas for documents to Zia Chishti, Jeff Tunnell, Craig Crawford, Joe Breeland, Keith Wolf, Charlie Wen, and Frank Liu (collectively the "OrthoClear individuals");

Whereas the parties have met and conferred on several occasions including June 23, 2006, June 27, 2006, and June 28, 2006 and have reached a mutually agreeable resolution as to the disputes identified below;

Therefore, it is hereby ordered that:

1. Regarding the May 16, 2006 subpoena to OrthoClear, OrthoClear agrees to produce non-privileged documents responsive to Request Nos. 2-16; 18-22; and 24-28. To the extent the subpoena seeks categories of documents described by terms common to the subpoena and Align's Separate Statement of Trade Secrets (for example, "Align's Treatment Methodologies and Related Software," "Align's Education and Training Programs," etc.), OrthoClear will interpret those terms as they are used and defined in Align's Separate Statement of Trade Secrets.

2. Also regarding the May 16, 2006 subpoena to OrthoClear, OrthoClear agrees to produce, in response to Request No. 17 which asks for "all documents that constitute, evidence, relate or refer to Miller's ownership interest in OrthoClear, Inc. or OrthoClear Holdings," documents sufficient to identify Miller's ownership interest in OrthoClear and OrthoClear Holdings. OrthoClear agrees that the documents produced will be sufficient to determine: (1) Miller's percentage of ownership; (2) the consideration paid; (3) who

granted/authorized Miller's ownership interest; and (4) when the interest was acquired.

3. Also regarding the May 16, 2006 subpoena to OrthoClear, OrthoClear agrees to produce, in response to Request No. 23 which asks for "all documents that constitute, evidence, relate or refer to communications between you and Miller regarding the pricing of OrthoClear's products and services," (1) all documents relating to such communications prior to July 2005; and (2) all post-July 2005 communications which relate to categories of documents and information set out in Align's Separate Statement of Trade Secrets (for example, "Align's Treatment Methodologies and Related Software," "Align's Education and Training Programs," etc.).

4. Regarding the May 16, 2006 subpoena for documents to TRG Holdings, TRG Holdings agrees to produce non-privileged documents responsive to Request Nos. 1-19, 21 and 24-28. To the extent the subpoena seeks categories of documents described by terms common to the subpoena and Align's Separate Statement of Trade Secrets (for example, "Align's Treatment Methodologies and Related Software," "Align's Education and Training Programs," etc.), TRG Holdings will interpret those terms as they are used and defined in Align's Separate Statement of Trade Secrets.

5. Also regarding the May 16, 2006 subpoena for documents to TRG Holdings, in response to Request No. 20, TRG Holdings agrees to produce documents sufficient to identify TRG Holdings' policies and procedures for deciding when to provide an e-mail account or email address to an individual.

6. Also regarding the May 16, 2006 subpoena for documents to TRG Holdings, TRG Holdings agrees to produce, in response to Requests No. 22 and 23, (1) non-privileged, responsive documents created prior to July 2005; and (2) non-privileged, responsive documents created after July 2005 that relate to documents and information discussed in Align's

Separate Statement of Trade Secrets made pursuant to C.C.P. § 2019.210. The parties agree to continue to meet and confer if, after reviewing the documents produced, Align believes that there are more relevant documents that are responsive to the request that have not been produced and, if necessary, Align will seek intervention from the Court.

7. Regarding the May 30, 2006 and the June 6, 2006 subpoenas for documents to the OrthoClear individuals, the OrthoClear individuals agree to produce non-privileged documents responsive to Request Nos. 8-16, 21-27, and 29-31. To the extent the subpoena seeks categories of documents described by terms common to the subpoena and Align's Separate Statement of Trade Secrets (for example, "Align's Treatment Methodologies and Related Software," "Align's Education and Training Programs," etc.), the OrthoClear individuals will interpret those terms as they are used and defined in Align's Separate Statement of Trade Secrets.

8. Also regarding the May 30, 2006 and the June 6, 2006 subpoenas to the OrthoClear individuals, Align agrees to narrow the time frame at issue in Request Nos. 1-7 and 17-20 to June 2004 to July 2005. In response, the OrthoClear individuals agree to produce non-privileged documents responsive to those requests, given the narrowed time frame. The parties agree to continue to meet and confer if, after reviewing the documents produced, Align believes that there are relevant documents created prior to June 2004 that are responsive to the request and that have not been produced and, if necessary, Align will seek intervention from the Court.

9. Also regarding the May 30, 2006 and the June 6, 2006 subpoenas to the OrthoClear individuals, in response to Request No. 28, the OrthoClear individuals agree to produce (1) all documents relating to such communications prior to July 2005; and (2) all post-July 2005 communications which relate to information and documents set out in Align's Separate Statement of Trade Secrets (C.C.P. 2019.210).

10. OrthoClear, TRG Holdings, and the OrthoClear Individuals shall produce responsive documents on or before July 14, 2006

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: July 5, 2006

GEORGE A. RILEY
DARIN W. SNYDER
MICHELLE L. DAVIDSON
O'MELVENY & MYERS LLP

By: /s/ Michelle L. Davidson
Michelle L. Davidson
Attorneys for Defendants and Counterclaimants
ROSS J. MILLER DDS, A Professional Dental Corporation, and Third-Parties ORTHOCLEAR, INC., THE RESOURCE GROUP, ZIA CHISHTI, JEFF TUNNELL, CRAIG CRAWFORD, JOE BREELAND, CHARLIE WEN, AND FRANK LIU

Dated: July 6, 2006

MARK E. MCKEEN
PETER C. MEIER
RICHARD E. ELDER
ILSE C. SCOTT
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: /s/ Richard E. Elder
Richard E. Elder
Attorneys for Plaintiff, Counterclaim Defendant
And Counterclaimant ALIGN TECHNOLOGY, INC.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: July 14, 2006

IT IS SO ORDERED
/s/ James Larson
Judge James Larson